[Cite as *State v. Rice*, 2017-Ohio-2890.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JOSHUA C. RICE | : | Case No. 16CA74 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Richland County
                                 Court of Common Pleas, Case No.
                                 2016CR109D

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                May 17, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY D. BISHOP                            WILLIAM C. FITHIAN, III
Richland County Prosecutor                111 N. Main Street
                                          Mansfield, Ohio 44902
By: DANIEL M. ROGERS
Assistant Prosecuting Attorney
38 S. Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1} Appellant Joshua C. Rice appeals a judgment of the Richland County Common Pleas convicting him of two counts of burglary (R.C. 2911.12(A)(1) & (2)) and sentencing him to five years incarceration. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} Around 4:30 a.m. on June 26, 2015, Dan Seckel heard glass breaking in the kitchen of his house. Seckel came downstairs and noticed his back door was wide open, with glass broken out of the door. He observed a suspect in a white t-shirt fleeing across the neighbor's property. The suspect stole Shelly Seckel's purse, which had been sitting in the kitchen. The purse contained three debit cards, an American Express credit card, $80 in cash, and two pieces of jewelry. The purse and items inside were not recovered.

{¶3} Dan Seckel ran out the back door, and discovered a kitchen spoon and a multi-tool in the driveway near the back door. The spoon belonged to the Seckels, but the multi-tool did not. Police collected the spoon and tool and submitted the evidence to the crime lab.

{¶4} At 5:11 a.m., the suspect used Shelly Seckel's American Express card at an ATM located near the home. Although Mansfield police obtained the surveillance photograph showing the suspect using the card, the suspect covered his face and could not be identified.

{¶5} On July 22, 2015, Dawn Fryback, a DNA expert with the Mansfield Police Department Crime Lab, identified appellant as a possible source of the major male DNA profile recovered from the multi-tool.

{¶6} Detective Frank Parella took over the investigation on September 10, 2015. He learned that appellant was in the Richland County Jail on unrelated charges, and went to interview appellant at the jail on September 23, 2015. Sgt. Ken Carroll accompanied Det. Parella. Appellant was advised of his Miranda rights and signed a written waiver. During the interview, appellant admitted to breaking into homes in the area of the Seckels' house on June 26, 2015. He could not remember specifically which houses he broke into, due to his drug use at the time. Appellant admitted that he owned a multi-tool, but did not know where it was. He told police that he woke up later in the day on June 26, 2015, with blood on his body and money that he could not account for. Appellant consented to a buccal swab. After submitting the swab to the crime lab, Dawn Fryback issued a report confirming with a reasonable degree of scientific certainty that appellant was the source of the major DNA profile recovered from the multi-tool.

{¶7} Appellant was indicted by the Richland County Grand Jury on February 10, 2016 on two alternative counts of burglary.

{¶8} On July 1, 2016, appellant filed a notice of alibi, stating that he was working at the Mid-Ohio Sports Car Course with his father and a friend at the time of the burglary. Mansfield police attempted unsuccessfully to make contact with both appellant's father and his friend. Mid-Ohio informed police that the facility is open twenty-four hours a day, does not have a process for checking in or out, and allows vendors to come and go as they please. The only documentation of appellant working at Mid-Ohio in the time frame of the burglary was a vendor waiver form dated June 25, 2015.

{¶9} The case proceeded to jury trial in the Richland County Court of Common Pleas. At trial, appellant testified that he was at Mid-Ohio with his father at the time of the

burglary. He testified that he worked until 1:00 a.m. and then slept in a camper at Mid-Ohio until noon. He testified that when the police interviewed him at the jail, he was coming off Suboxone, which he had been taking in drug treatment, and he told them he did not want to give a statement. He testified that he had never broken into a house. His father Charles Rice and his friend Ken Harrod testified that appellant worked with them at Mid-Ohio on the night of the burglary.

{¶10} Appellant was found guilty of both charges. The trial court merged the convictions and sentenced appellant to five years incarceration on Count 2, burglary in violation of R.C. 2911.12(A)(2). He assigns two errors:

{¶11} "I. APPELLANT'S CONVICTION FOR BURGLARY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶12} "II. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL."

I.

{¶13} In his first assignment of error, appellant argues that the judgment is against the manifest weight of the evidence because the evidence does not support a finding identifying him as the person who broke into the Seckels' house.

{¶14} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and

a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

**{¶15}** Appellant was convicted of burglary in violation of R.C. 2911.12(A)(2):

(A)     No person, by force, stealth, or deception, shall do any of the following:

(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]

**{¶16}** Appellant was identified by Dawn Fryback of the Mansfield Police Department Crime Lab as the source of the major DNA profile obtained from the scene. Appellant testified at trial that the multi-tool recovered from the scene belonged to him. Further, Det. Parella and Sgt. Carroll testified that appellant admitted that he broke into homes in the Seckels' neighborhood on the date in question, although he could not recall that specific home because he was on drugs at the time. Police further testified that he admitted to them that the day after the burglary, he woke up with blood on his body and money that he could not account for.

**{¶17}** Appellant testified that he did not want to give a statement to police and was "drug sick" from coming off of Suboxone at the time he spoke to police. He claimed he was at the Mid-Ohio racetrack asleep in his father's camper the entire night of the burglary. Appellant's father confirmed his alibi. His friend Ken Harrod also testified that he worked with appellant at the track on June 25, 2015; however, he left around 1:00 a.m.

on June 26, 2015 and did not return to the track until 6:00 a.m., at which time appellant was in the camper.

**{¶18}** We do not find that the jury lost its way in believing appellant's statement to the police over the alibi testimony he presented at trial. Appellant could not explain how his multi-tool ended up in the Seckels' driveway. Further, when interviewed by police, appellant did not mention that he was at Mid-Ohio that day. Appellant did not disclose his alibi until well after he initially spoke with police, and his father did not return multiple phone calls from police when they attempted to confirm appellant's alibi. The judgment is not against the manifest weight of the evidence. The first assignment of error is overruled.

II.

**{¶19}** In his second assignment of error, appellant argues that the trial court erred in overruling his Crim. R. 29(A) motion for acquittal, as the evidence was insufficient to identify him as the person who broke into the Seckels' home.

**{¶20}** Crim. R. 29(A) provides:

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

**{¶21}** A Crim. R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. *State v. Blue*, 5th Dist. Stark No.2001CA00250, 2002–Ohio–351, *citing*

*State v. Williams*, 74 Ohio St.3d 569, 576, 1996–Ohio–91, 660 N.E.2d 724; *State v. Miley,* 114 Ohio App.3d 738, 742, 684 N.E.2d 102 (4th Dist.1996). Crim. R. 29(A) allows a trial court to enter a judgment of acquittal when the state's evidence is insufficient to sustain a conviction. A trial court should not sustain a Crim. R. 29 motion for acquittal unless, after viewing the evidence in a light most favorable to the state, the court finds no rational finder of fact could find the essential elements of the charge proven beyond a reasonable doubt. *State v. Franklin*, 5th Dist. Stark No.2007–CA–00022, 2007–Ohio–4649 at ¶ 12, *citing State v. Dennis*, 79 Ohio St.3d 421, 1997–Ohio–372, 683 N.E.2d 1096.

{¶22} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶23} The State presented the testimony of Dawn Fryback, a DNA analyst at the crime lab, that appellant was the major source of the DNA recovered from the multi-tool recovered from the Seckels' driveway. The State further presented evidence that appellant admitted to police that he owned a multi-tool and did not know where it was located. He further told police that he was in the area on that date and had broken into other houses in the neighborhood, but could not remember if this specific house was one of the houses. He told police that he was on drugs at the time. He told police that when he woke up the next day with blood on him and money that he could not account for. Based on this evidence, a rational trier of fact could find that appellant was the person who broke into the Seckels' home.

**{¶24}** The second assignment of error is overruled.

**{¶25}** The judgment of the Richland County Common Pleas Court is affirmed.

Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Earle Wise, J. concur.